**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NOS. 1:18-CR-171** |
| | : | **1:14-CR-70** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **BRANDON ORR,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

The court sentenced defendant Brandon Orr to 200 months' imprisonment followed by 10 years of supervised release after he pled guilty to conspiring to distribute and possessing with intent to distribute controlled substances. Orr now moves to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.[1] We will deny Orr's motion.

## I. Factual and Procedural History[2]

Orr joined a drug-trafficking conspiracy just days after his September 2017 release from federal prison, where he served more than a year for dealing drugs.

---

[1] The Clerk of Court simultaneously docketed Orr's instant motion on the criminal docket associated with a prior conviction in this court. See United States v. Orr, No. 1:14-CR-70, Doc. 1746 (M.D. Pa. Aug. 2, 2022). The court sentenced Orr to 24 months' imprisonment in that case for violating his supervised release by committing the drug-trafficking offenses now at issue. See id., Doc. 1702 (M.D. Pa. Oct. 27, 2021). Orr does not challenge his revocation sentence, so we will dismiss the motion pending on the companion docket.

[2] The following factual background derives from the current record, including official transcripts from the plea hearing in this matter.

(See Doc. 249, 6/8/21 Plea Hr'g Tr. 21:8-24); see also Orr, No. 1:14-CR-70, Doc. 1185 (M.D. Pa. Nov. 10, 2016).  On May 23, 2018, a federal grand jury indicted Orr and three coconspirators on multiple counts of trafficking in heroin, fentanyl, cocaine, and tramadol.  Orr moved to suppress statements he made and physical evidence seized from his person and vehicle upon his arrest.  We denied his motion following a hearing.

In August 2019, we appointed Damian J. DeStefano, Esquire, to replace Orr's prior counsel.  Shortly thereafter, the government filed an information to establish Orr's previous conviction for possessing a controlled substance with intent to distribute.  (See Doc. 112).  That prior conviction qualified as a "serious drug felony" and "felony drug offense," making Orr eligible for increased punishment. (See id. at 2 (citing 21 U.S.C. §§ 841(b)(1)(A)-(C), 846)).

The government obtained a superseding indictment in March 2021 charging Orr with possessing with intent to distribute, and conspiring to possess with intent to distribute, controlled substances.  Orr pled guilty to both counts; his plea agreement set forth the mandatory minimum and statutory maximum penalties he faced.  (See Doc. 193 at 1-4).  The court reiterated these penalties at Orr's plea hearing on June 8, 2021, and Orr confirmed he understood his sentencing exposure at that time.  (See 6/8/21 Plea Hr'g Tr. 10:18-11:21).  Orr also acknowledged his guilty plea "would be an admission" to violating the terms of his supervised release, (see id. at 12:18-23), and that the court could impose a harsher sentence than the one recommended by the United States Sentencing Guidelines, (see id. at 14:5-10; see also id. at 9:19-21 (agreeing "no one can guarantee you what sentence you will

get")).  The court ultimately sentenced Orr within his Guidelines range to concurrent terms of 200 months' imprisonment on each count, followed by a decade of supervised release; all of these terms were set to run consecutively to the two-year revocation sentence Orr received for violating his supervised release.  (See Doc. 235 at 3-4).

Orr timely filed the instant motion pursuant to 28 U.S.C. § 2255.  The motion is fully briefed and ripe for disposition.

## II.   **Legal Standards**

### A.   **Section 2255**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence.  28 U.S.C. § 2255.  Courts may afford relief under Section 2255 on several grounds, including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States."  See 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a).  The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  See 28 U.S.C. § 2255(b).  The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record."  See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).  A court must hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record."  See

United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

**B.    Ineffective Assistance of Counsel**

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on such a claim, a defendant must demonstrate (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial.  See Strickland, 466 U.S. at 687-88.  The defendant bears the burden of proving both prongs.  See id. at 687.

To determine whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be "highly deferential" toward counsel's conduct.  See id. at 689.  There is a strong presumption that counsel's performance falls within the broad range of reasonable professional assistance.  See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989).  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."  Id. at 711 (citing Strickland, 466 U.S. at 689-90).  To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding "would have been different."  Strickland, 466 U.S. at 694.  The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one.  See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

### III.   Discussion

Orr challenges Attorney DeStefano's stewardship on two grounds: (1) failing to "bring up" our court of appeals decision in United States v. Nasir, 17 F.4th 459 (3d. Cir. 2021) (*en banc*), and (2) leading Orr to believe he would be sentenced to 15 years' imprisonment.  (See Doc. 242 at 5-8).  We address each claim *seriatim*.

### A.   Nasir

Orr baldly asserts Nasir benefits him.  (See id. at 5).  He is mistaken.  In Nasir, our court of appeals determined the Sentencing Guidelines' definition of "controlled substance offenses" did not include inchoate offenses for purposes of the career offender enhancement, rejecting agency commentary suggesting otherwise.  See Nasir, 17 F.4th at 468-69, 471-72 (citing U.S.S.G. §§ 4B1.1, 4B1.2 (U.S. SENT'G COMM'N 2018)).  The court also clarified how we should evaluate Guidelines commentary more broadly.  See id. at 469-71.  But Nasir provides no benefit to Orr because we did not designate him a career offender or subject him to any other sentencing enhancements.  Attorney DeStefano would have had no meritorious reason to invoke a decision that has no bearing on the matter *sub judice*, so his representation of Orr in this respect could not have fallen "below an objective level of reasonableness based on prevailing professional norms."  See Strickland, 466 U.S. at 687-88.

Moreover, Nasir was not binding precedent at the time of Orr's sentencing on October 26, 2021.  The Supreme Court of the United States had vacated a previous *en banc* panel decision in Nasir earlier that month and remanded the case for reconsideration of an issue not applicable to Orr's case.  See United States

v. Nasir, 982 F.3d 144 (3d Cir. 2020) (*en banc*), vacated, 142 S. Ct. 56 (2021).  The

court of appeals did not file its now-precedential decision until November 8, 2021.

Thus, even if we assume Nasir provided an avenue for relief to defendants in Orr's

circumstances—which, to be clear, it does not—Orr would not have been entitled to

that relief when he was sentenced.  See 1621 Route 22 W. Operating Co., LLC

v. NLRB, 825 F.3d 128, 141 n.6 (3d Cir. 2016) (citing 3d Cir. I.O.P. 8.3.1) (vacated

opinion "carries no precedential force").  Accordingly, Attorney DeStefano's failure

to "bring up" Nasir could not have prejudiced Orr.

### B.    Sentencing Exposure

Orr next alleges Attorney DeStefano advised him to "just go with the flow

and [you'll] get 15 years."  (See Doc. 242 at 8).  He also notes he has a learning

disability and occasional difficulty with focus and comprehension.  (See id.)  Any

suggestion Orr did not understand his potential sentencing exposure is undermined

by the written plea agreement he signed, which explicitly set forth the minimum

and maximum sentences available for each offense, (see Doc. 193 at 1-4), as well as

his own statements under oath at the change of plea hearing.  The court engaged in

a lengthy colloquy with Orr about the specific penalties he faced, and he conceded

no one could guarantee what sentence the court would impose.  (See 6/8/21 Plea

Hr'g Tr. 9:19-11:21).

It is well-settled an attorney's sentencing predictions "are irrelevant where

the written plea agreement and in-court guilty plea colloquy clearly establish the

defendant's maximum potential exposure and the sentencing court's discretion."

See United States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007); see also United

States v. Mustafa, 238 F.3d 485, 492 (3d Cir. 2001).  Whatever confusion Orr may have experienced due to Attorney DeStefano's conjecture was dispelled by the plain language of Orr's plea agreement and the court's colloquy with him.  Thus, Orr's challenge to Attorney DeStefano's representation fails for lack of prejudice on this ground as well.

**IV.   <u>Conclusion</u>**

For these reasons, we will deny Orr's motion.  We will also deny a certificate of appealability, because Orr has not "made a substantial showing of the denial of a constitutional right."  <u>See</u> 28 U.S.C. § 2253(c)(2).  An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   September 18, 2023